IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-CV-00299-RLV

| | |
|---|---|
| JAMES EDWARD BOOKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") (the "Motion"). (Doc. 18). For the reasons that follow, Plaintiff's Motion (Doc. 18) is **GRANTED IN PART** and **DENIED IN PART**.

The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses." 28 U.S.C. § 2412(b). Under the EAJA, "the district court must undertake the 'task of determining what fee is reasonable'" in light of the circumstances surrounding the particular case. *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). A district court is given "'substantial discretion in fixing the amount of an EAJA award'" and may grant applications for awards only if the request is reasonable. *Id.* at 254 (quoting *Jean*, 496 U.S. at 163). "The fee petitioner bears the burden of justifying a requested fee." *Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Plaintiff's Motion represents that the parties have agreed to a total of $4,500.00 in attorney's fees. (Doc. 18 at 1; *see also* Doc. 19). Plaintiff's counsel asserts she spent 30.1 hours

working at an hourly rate of $149.50.[1] The Court takes notice of its independent responsibility to review the hour log submitted by Plaintiff's counsel and determine whether the time spent on each itemized task and Plaintiff's counsel's hourly rate amount to a reasonable fee. *See* 28 U.S.C. § 2412(b), (d)(2)(A); 42 U.S.C. § 406(b); *see also Green v. Astrue*, 2012 WL 1232300, at *2 (E.D. Cal. Apr. 12, 2012) (magistrate judge's finding and recommendation independently reviewing fee request for reasonableness in social security proceeding and reducing fee request even though Commissioner did not oppose motion for fees) (adopted by *Green v. Astrue*, 2012 WL 1663868 (E.D. Cal. May 11, 2012)).

This Court determines the hourly rate requested is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A) (setting hourly rate at $125 but permitting court to increase hourly rate based on cost of living or other special factors). The same, however, cannot be said for all of the itemized hours' worked. In reviewing Plaintiff's counsel's itemized list of hours, this Court harkens back to its earlier assessment regarding deficiencies in Plaintiff's memorandum in support of summary judgment.[2] *See Booker v. Berryhill*, 2017 WL 2676497, at *3 n.1 (W.D.N.C. June 21, 2017). Counsel for Plaintiff represents that she spent over 16.1 total hours drafting the memorandum in support of summary judgment. (*See* Doc 18 at 3). The memorandum in support of summary judgment spanned nine pages, raised two interrelated issues regarding the administrative law judge's residual functional capacity assessment as to Plaintiff's ability to stand and walk, and very generally cited three cases in the argument section of the memorandum. (*See* Doc. 11-1).

---

[1] Plaintiff's motion does not explicitly specify counsel's requested hourly rate but dividing counsel's requested fee by counsel's hours worked produces an hourly rate of $149.50.
[2] The Court acknowledges that counsel for Plaintiff, in response to this Court's earlier assessment about the memorandum in support of summary judgment, has not sought the rate approved by this Court in other cases. While this was an appropriate concession by counsel for Plaintiff, absent the concession, the Court would have been unlikely to approve a rate above $150.00 an hour in this matter.

In determining the reasonable amount of time for drafting the memorandum in support of summary judgment, this Court has considered the relative simplicity of the memorandum in this case relative to memoranda in support of summary judgment in other cases, as well as counsel's alleged work hours drafting the memorandum and her requested fee in this case compared to the hours drafting memoranda in other social security cases and the requested fees in other social security cases. The Court has also reviewed Plaintiff's counsel's hour logs in other social security cases before the Western District of North Carolina and has compared the hours alleged in those cases with the length and complexity of the briefs in Plaintiff's counsel's other cases. Notably, this later inquiry revealed that counsel typically spends just over one hour drafting each page, even in instances where a case involved multiple distinct issues. *See e.g. Brown v. Berryhill*, 3:16-cv-00706-MH-DLR (ten hours of work time to draft eleven page brief raising two distinct issues); *Andrews v. Colvin*, 3:15-cv-00274-MR (approximately nine hours of work time to draft seven page brief raising two related issues); *Williams v. Colvin*, 3:14-cv-00219-GCM (approximately 8.5 hours of work time to draft six page brief raising two distinct issues). Given the simplicity of the related issues in this case and the general lack of citation to case law in the memorandum in Plaintiff's case, this Court concludes that the listed 16.1 hours for drafting Plaintiff's memorandum in support of summary judgment, contributing to a total requested fee of $4,500.00, is unreasonable. This Court further concludes that nine hours, one hour of drafting time per page, is the maximum, reasonable allowable time for the drafting of the memorandum in support of summary judgment. Therefore, this Court reduces counsel's requested 30.1 hours to 23 hours.[3] At an approved hourly rate of $149.50, Plaintiff's compensable attorney fee comes to $3,438.50.

---

[3] Although this Court has concluded in other cases that 1.5 hours for preparation of an EAJA application was excessive, this Court finds that 1.5 hours is reasonable in this case given this Court's earlier statement about deficiencies in the memorandum in support of summary judgment and those deficiencies potential impact on the award of attorney fees. Separately, the Court reminds counsel for the Commissioner that the duty to ensure that fee requests are reasonable

Pursuant to the United States Supreme Court's ruling in *Astrue v. Ratliff*, 560 U.S. 586 (2010), attorney's fees are payable to Plaintiff as the prevailing party, subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff might owe to the federal government. Following the entry of this order, if the Commissioner determines Plaintiff owes no debt to the federal government which must offset, the Commissioner may honor Plaintiff's June 2017 signed assignment of EAJA fees, thus permitting payment of such EAJA fees to Plaintiff's counsel, rather than to the Plaintiff herself. (Doc. 18 at 4). However, if Plaintiff is found to owe any offsetting debt to the federal government, the Commissioner shall pay any remaining attorney's fees to Plaintiff's counsel in accordance with the above agreement.

**IT IS, THEREFORE, ORDERED THAT**

(1) Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (Doc. 14) is **GRANTED IN PART** and **DENIED IN PART**;

(2) The Commissioner shall pay to Plaintiff reasonable attorney's fees in the amount of $3,438.50, subject to any offsets.

Signed: August 14, 2017

Richard L. Voorhees
United States District Judge

---

falls not only on this Court but also falls on counsel for the Commissioner, and urges counsel for the Commissioner to review future motions for attorney fees with a more discerning eye before agreeing to a fee request.